MANUELA MEJÍAS, Plaintiff and Appellant, v. FELIPE LÓPEZ, ETC., ET AL., Defendants and Appellees.

No. 7137. Argued February 18, 1937.—Decided February 24, 1937.

*Diego E. Ramos* for appellant. *R. Padró Parés* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Manuela Mejías brought, in the District Court of Arecibo, an action for damages against Felipe López, trading under

the name of Méndez, López & Co., Successors, and Borinquen Furniture Company.

She alleged, in short, that on March 13, 1934, both parties executed a contract of conditional sale of a radio receiver, the purchase price being sixty dollars, payable ten dollars upon the execution of the contract and the balance in monthly installments of five dollars each; that the defendants delivered the radio receiver to the plaintiff who paid up to the sum of thirty-four dollars.

The complaint further alleged textually as follows:

"6. That notwithstanding the above, the aforesaid mercantile partnership, through one of its agents, on December 7, 1934, entered the home and residence of the plaintiff located at the place known as 'Buenos-Aires' in the city of Arecibo, Puerto Rico, and then and there forcibly and before a crowd who gathered there because of the attitude of the agent of the above-mentioned mercantile partnership, seized and carried away from the residence and home of the plaintiff the said radio apparatus, taking the same away against the will and consent of the plaintiff herein who from that moment fell into a state of anxicty, mental anguish, and nervous prostration which was due solely to the conduct of the said agent of the aforesaid firm.

"7. That the action of said mercantile partnership in thus authorizing, instructing, and causing its said agent to enter unlawfully the home of the plaintiff, and take away then and there in the presence of the whole crowd the said radio apparatus in an arbitrary manner, and the carrying out by such agent, in accordance with the instructions received from the said firm, of such violent act, have caused the plaintiff damages which she assesses at $3,000, consisting in the loss of reputation suffered by the plaintiff in the estimation of her neighbors and the general public, and in consequence of such negligent and violent acts on the part of the said defendant firm, acting through its aforesaid agent, the plaintiff has suffered the aforesaid nervous condition, mental anguish, and physical prostration, it having become necessary for her to receive medical attention."

The defendants answered. They denied all the facts alleged in the complaint, excepting that Felipe López was

**22**

of age and a resident of Puerto Rico, and set up the following "special defenses":

"(a) That the complaint does not state facts sufficient to constitute a cause of action. Subdivision 6, section 105 of the Code of Civil Procedure.

"(b) That even supposing that some person had entered the home or residence of plaintiff Manuela Mejías and seized a radio receiver which was in her possession, such a person did it solely on his own initiative, without any authority or power from the defendants, and that such supposed person (unknown to the defendants, as the plaintiff fails to name him in the complaint) when acting in the manner hypothetically stated by the plaintiff, did so without any express or implied order from the defendants, and was not their agent, representative, or employee acting within the scope of his employment."

Upon the case being called for trial, the parties first argued the demurrer, and the court, considering the matter of sufficient importance, took the same under advisement and decided not to proceed further until the demurrer had been disposed of, with the result that the demurrer was sustained. The court further held that the complaint could not be amended and rendered judgment accordingly. From that judgment the plaintiff took the present appeal which was heard on the 18th of this instant February without the appearance of the parties. The defendants and appellees failed to file any brief, although the plaintiff had filed hers on September 13, 1935, and the hearing of the appeal had been set as far back as December 18, 1936.

 The grounds on which the court based its decision dismissing the complaint are as follows:

"1. It is alleged in the complaint that the plaintiff purchased the radio apparatus on a conditional sale contract, but it is not stated whether at the time the defendants repossessed the said apparatus she had duly paid the monthly installments or whether she had failed to pay any of them, the default in such payment being sufficient justification for the conditional vendor to recover the things sold. And if such circumstance has not been alleged no damages may be claimed, as in order that the defendants might

become liable by reason of their taking away from the plaintiff the apparatus bought by her it must be first alleged that the plaintiff had duly paid the installments agreed upon and that notwithstanding this the instrument was taken away from her.

"2. Because the complaint fails to state the name of the person who went to the plaintiff's home to take away the radio apparatus, and this is an essential allegation required in order to determine from the pleadings themselves whether or not said person was an agent or employee of the defendants, since any one might very well have presented himself claiming to be the agent of the defendants without being entitled thereto and the plaintiff might have been thus deceived.

"3. Because the complaint fails to allege, as required in this kind of actions, that the agent of the defendants was acting, on the day the radio receiver was taken away from the plaintiff, as such agent and within the scope of his employment. This allegation is most essential, since it has been held in numberless cases that where an employee acts outside the scope of his duties to his principal, the latter is not liable for any tortious acts committed by his agent. In the instant case it is merely alleged that an agent of the defendants called at the residence of the plaintiff without even alleging that he acted upon instructions from said defendants.

"4. Because it appears from the allegations and on the face of the complaint herein that the proper action was one based on the nonperformance of a contract, that is, an action *ex contractu,* whereas the action actually brought was an action *ex delicto.* If the plaintiff entered into a contract with the defendants for the purchase of a radio receiver, to be paid by monthly installments and the defendants, failing to comply with the terms of the agreement and notwithstanding the punctual payment of the monthly installments by the plaintiff, had taken away the apparatus, there would be ground for the prosecution of an action for breach of contract and for damages, but never for one for damages alone by reason of an act or omission under the provisions of section 1803 of the Civil Code in force, as claimed by the plaintiff."

The appellant in her brief maintains that her action is not founded on the conditional sale contract but on the acts of the defendants through their agent and, therefore, that the court committed a prejudicial error in dismissing the complaint. She says that if she referred to the contract she

did so in order to present with more clearness and amplitude the facts that had occurred, but not in order to set up the non-performance on the part of the defendants.

That being so, we do not attach a decisive importance to the question of whether or not the plaintiff had punctually paid the monthly installments and, therefore, it was not necessary for her to allege such fact.

Nor do we think that the failure to specify the name of the agent amounted to a failure to state facts sufficient to constitute a cause of action. As to the failure to allege in the complaint that the agent acted as such and within the scope of his employment, we think that the statements contained in the sixth and seventh paragraphs regarding this matter are sufficient.

The complaint is not a model of perfection, as the plaintiff and appellant herself admits in her brief, and could be improved a great deal if it were amended after having undergone the process of clarification to which it has been subjected; in our judgment it states facts sufficient to constitute a cause of action, since it alleges that actual damage was caused to the plaintiff, and specifies in what the same consists and sets out where, when, by whom, and in what manner such damage was caused, together with the amount thereof; and the liability of the defendants by reason of the acts of their agent appears from the pleading.

The basis of the action brought is the wrongful act alleged to have been committed by the defendants in forcibly entering the home of the plaintiff and in doing there the things charged against them as having caused the plaintiff the anxiety, mental anguish, and nervous prostration for which indemnity is sought, in the sum of three thousand dollars.

Sometimes it is difficult to distinguish between an action *ex contractu* and an action *ex delicto*, but generally speaking it has been well established that the former is for the breach of a duty arising out of a contract either express or implied,

and the latter is for the breach of a duty imposed by law, which ordinarily arises out of a negligent or wrongful act unconnected with any contract between the parties, but may arise either independently of any contract or by virtue of certain contractual relations, as is alleged to have occurred in the case at bar.

If the plaintiff failed to comply with the terms of the contract between her and the defendants, the latter had an adequate remedy under the Conditional Sales Act itself. Section 6 thereof affords the vendor the legal means for retaking the thing sold. But plaintiff's default was no justification for the vendor to take the law into his own hands, to enter forcibly the plaintiff's home which it was the defendant's duty to respect, as required by law, or to seize the thing sold in the forcible, ostensible, and inconsiderate manner alleged in the complaint, thereby causing the plaintiff the specified damages.

Section 1802 of the Civil Code, 1930 ed., provides that a person who by an act or omission causes damage to another by his fault or negligence shall be liable for the damage so done, and, according to section 1803 of the same code, this obligation is enforcible, not only for personal acts and omissions, but also for those of persons for whom another is responsible.

The judgment appealed from must be reversed and the demurrer overruled, and the case should be proceeded with in accordance with the law.